## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 52401-2024

| | | |
|---|---|---|
| WAYNE MORRISON, | ) | |
| | ) | |
|    Plaintiff-Counterdefendant-Appellant, | ) | Boise, April 2026 Term |
| | ) | |
| | ) | Opinion filed: June 30, 2026 |
| and | ) | |
| | ) | Melanie Gagnepain, Clerk |
| TODD MORRISON, BRYANT MORRISON, and LYN DEESUE MORRISON, | ) | |
| | ) | |
|    Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINA K. THOMPSON, as Trustee of the Petra E. Morrison Trust, and as Trustee of the Frank L. Morrison Trust, | ) | |
| | ) | |
|    Defendant-Counterclaimant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES THOMPSON and CHRISTINA THOMPSON, husband and wife, individually; CRAIG THOMPSON, CAROLYN HASTINGS, and CARL THOMPSON, | ) | |
| | ) | |
|    Defendants-Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOES INDIVIDUALS/ENTITIES 1-10, | ) | |
| | ) | |
|    Defendants. | ) | |
| _____ | ) | |
| IN THE MATTER OF THE PETRA MORRISON TRUST, uta May 14, 2007, and as AMENDED September 16, 2016; CHRISTINA K. THOMPSON, Successor Trustee, | ) | |

1

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Jonathan P. Brody, District Judge.

The decision of the district court is affirmed.

Elam & Burke, P.A., Boise, for Appellants. Kirsten Hahn argued.

Haemmerle Law, PLLC, Hailey, for Respondents Christina K. Thompson as Successor Trustee of the Petra Morrison Trust and the Co-Trustee of the Frank Morrison Trust; and Carolyn Hastings as Co-Trustee of the Frank Morrison Trust. Fritz Haemmerle argued.

Stanek Law, PLLC, Hailey, for Respondents Christina Thompson, Charles Thompson, Craig Thompson, Carolyn Hastings, and Carl Thompson. Joshua Stanek argued.

---

ZAHN, Justice.

Wayne Morrison and his children ("the Morrisons") appeal from several district court orders concerning the administration and distribution of two trusts established by Wayne's parents: the Frank Morrison Trust ("FMT") and the Petra Morrison Trust ("PMT"). Wayne's sister, Christina K. Thompson, is a trustee of both trusts. Christina's daughter, Carolyn, is a co-trustee of the FMT. The primary asset of each trust is a fractional ownership interest in a piece of real property known as the Farnlun property.

Wayne filed a complaint against Christina in her individual and trustee capacities, asserting a variety of claims against Christina that concerned her alleged breaches of the trust and of fiduciary duty, and seeking an accounting. Wayne later amended the complaint twice to add Christina's husband and his and Christina's children as parties, to assert a variety of claims concerning Christina's alleged fraud, and to seek partition of the Farnlun property by sale.

2

Christina commenced her own petitions in the district court, in her capacity as trustee, seeking to distribute the FMT and the PMT in-kind, which would allow the Farnlun property to remain in the family. The Morrisons opposed the petitions, requested that the Farnlun property be sold, and that the sale proceeds be distributed according to their respective interests in each trust. The parties stipulated to consolidate the Morrisons' and Christina's cases before the district court.

The Morrisons filed a motion to remove Christina and Carolyn as trustees, which the district court denied. Christina and her family ("the Thompsons") filed several motions for summary judgment. The district court granted the Thompsons' motions and (1) dismissed the partition action; (2) determined that Wayne had violated a "no-contest" clause in the PMT and therefore was not entitled to any share of that trust; and (3) granted the petitions for distribution in kind, determined the value of the Farnlun property, awarded Christina the entirety of the PMT and determined the beneficiaries' interests in the FMT. The Thompsons later filed a motion for attorney fees under Idaho Code sections 15-8-208 and 12-121. The district court granted the motion and assessed the attorney fee award against the Morrisons' share of the FMT.

The Morrisons appeal and argue that the district court erred in five respects. First, they argue that the district court erred by denying their petition to remove the trustees because there is evidence that the trustees breached their fiduciary duties in the administration of the trusts. Second, they argue the district court incorrectly concluded that they lacked standing to seek partition of the Farnlun property. Third, they assert that the district court erred in its application of the no-contest clause to disinherit Wayne from the PMT. Fourth, they claim the district court erred in its valuation of the Farnlun property and erroneously calculated the beneficiaries' interests in the Farnlun property. Finally, they challenge the award of attorney fees. For the reasons discussed below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Frank and Petra Morrison were married and had two children, Christina Thompson and Wayne Morrison. This appeal concerns the administration and distribution of their respective trusts.

### A.  The Frank Morrison Trust

Frank died in 1994. His will established the FMT. The trust corpus consisted of Frank's 50% interest in a piece of real property known as the Farnlun property and funds in an Edward Jones account. The FMT designated Christina as a co-trustee. During the time period relevant to

this appeal, Christina's daughter, Carolyn Hastings, was the other co-trustee. The FMT authorized the trustees to use trust funds to care for Petra for the remainder of her life, and directed that, after Petra's death, the remainder of the FMT be distributed as follows: 25% to Christina; 25% to Christina's children; 25% to Wayne's children; and 25% to remain in trust for Wayne's benefit. The FMT further stated that Frank made advances of money to Wayne during Frank's life and directed that those advances were "to be included in determining the shares to be distributed and credited against the share to be received by" Wayne.

## B. The Petra Morrison Trust

Petra created the PMT in 2007. At that time, the trust corpus consisted of Petra's 50% interest in the Farnlun property. After Petra created the PMT, she conveyed 16.35% of her interest in the Farnlun property to Christina. As such, at the time of Petra's death, the corpus of the PMT was Petra's remaining 33.65% interest in the Farnlun property.

Petra was the trustee of the PMT until her death in 2021. After Petra's death, Christina became the successor trustee of the PMT. The PMT provides that, after Petra's death, trust funds can be used to pay "all of Grantor's or Trustee's expenses of last illness, burial and debts . . . ." After those expenses are paid, the PMT indicates that the "remaining trust principal and accrued interest shall be distributed equally" between Wayne and Christina. The PMT also included a "no-contest" clause, which provided that all distributions were conditioned upon the beneficiary neither opposing any distributions, nor testing the validity of the trust agreement in any manner. In the event a beneficiary opposed any distributions or tested the validity of the agreement, Petra revoked all distributions to that beneficiary, and the beneficiary was to be treated as if the person had predeceased Petra.

## C. The Current Dispute

Shortly after Petra's death, Christina sent an email to Wayne proposing to buy his portion of the Farnlun property. Wayne's attorney responded to Christina's email and requested documentation and an accounting of the value of the trust before responding to Christina's offer. Wayne asserts he never received the requested information and that Christina's offer was for less than the property's fair market value. Wayne later filed a complaint against Christina in her individual and trustee capacities and pleaded claims for declaratory judgment, breach of trust, breach of fiduciary duty, and sought an accounting.

Around the same time that Wayne filed his complaint, Christina, in her role as trustee of the FMT and PMT, executed a quitclaim deed conveying the Farnlun property to herself and her husband. Christina claimed she signed the deed because she believed it was required in connection with a loan she obtained to make repairs on the Farnlun property. When Wayne learned of the deed, he amended his complaint to include Christina's husband as a defendant and to add claims for unjust enrichment, constructive trust, conspiracy, fraudulent transfer of property, and conversion. Christina and her husband conveyed the Farnlun property back to the trusts nearly a year later.

Christina, as trustee of the FMT and PMT, filed petitions to distribute the trusts in-kind. Christina amended the petitions for distribution several times to update the proposed distributions. The parties stipulated to consolidate the petitions with Wayne's lawsuit and the district court entered an order consolidating the actions.

Chrisina filed an amended answer and counterclaim to Wayne's amended complaint. In it, she alleged that Wayne violated the no-contest clause in the PMT and should be removed as a beneficiary of that trust.

Wayne later amended his complaint a second time to include his three children as plaintiffs and Christina's three children as defendants and to add a claim for partition by sale of the Farnlun property. The Thompsons filed a motion for summary judgment to dismiss the Morrisons' Second Amended Complaint. The Morrisons filed a petition to remove Christina and Carolyn as trustees, pursuant to Idaho Code section 15-7-308.

The district court denied the Morrisons' petition to remove the trustees. It also granted the Thompsons' motion for summary judgment and dismissed all but the Morrisons' claim for declaratory judgment, which sought a declaration of their rights and legal obligations under the trusts. The Thompsons then filed (1) a motion for summary judgment on their third amended petition to distribute the FMT and (2) a motion for summary judgment on their counterclaim to have Wayne removed as a beneficiary of the PMT because he breached its no-contest clause. The district court granted both motions and entered a judgment distributing in kind the assets of the FMT and PMT.

The Thompsons filed a motion for an award of attorney fees under Idaho Code sections 15-8-208 and 12-121. They asserted that the Morrisons' claims were brought and defended frivolously and without foundation because the claims lacked evidence and ignored the plain

language of the trusts. The Thompsons also requested that the attorney fees be awarded against the Morrisons' shares of the FMT, pursuant to Idaho Code section 15-8-208. The district court granted the Thompsons' motion and awarded $100,869.67 in attorney fees against the Morrisons and stated the award would be assessed against their shares of the FMT.

The Morrisons timely appealed.

## II.    ISSUES ON APPEAL

1. Whether the district court erred by denying the Morrisons' motion to remove the trustees.
2. Whether the district court erred by dismissing the Morrisons' claim for partition.
3. Whether the district court erred in its decision disinheriting Wayne from the PMT for violating its no-contest clause and distributing the assets of the PMT to Christina.
4. Whether the district court erred in its distribution of the FMT.
5. Whether the district court erred in granting the Thompsons attorney fees under Idaho Code section 12-121 and assessing the attorney fee award against the Morrisons' share of the FMT.
6. Whether the Thompsons are entitled to attorney fees on appeal.

## III.    STANDARDS OF REVIEW

When reviewing a decision on a petition to remove a trustee, this Court applies an abuse of discretion standard. *Edwards v. Lane*, ___ Idaho ___, ___, 578 P.3d 525, 529 (2025).

When reviewing a district court's summary judgment decision, this Court applies the same standard used by the district court. *DeKlotz v. NS Supp., LLC*, ___ Idaho ___, ___, 574 P.3d 328, 331 (2025). "Summary judgment is proper if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Owen v. Smith*, 168 Idaho 633, 640, 485 P.3d 129, 136 (2021) (quoting I.R.C.P. 56(a)). On a motion for summary judgment, the court must "liberally construe the facts, and draw all reasonable inferences in favor of the nonmoving party." *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012).

We review an award of attorney fees under an abuse of discretion standard. *Gilbert v. Radnovich*, 171 Idaho 566, 572, 524 P.3d 397, 403 (2023).

## IV.    ANALYSIS

**A. The district court did not err by denying the Morrisons' petition to remove the trustees.**

The Morrisons petitioned the district court to remove Christina and Carolyn as trustees and appoint TreSCo of Idaho as trustee of the FMT and the PMT. The Morrisons claimed that the trustees breached their fiduciary duties, failed to provide accurate accountings, engaged in self-

6

dealing, conspired to increase their families' shares in the trust, and fraudulently transferred the Farnlun property. Following a hearing, the district court denied the petition to remove.

The Morrisons argue that the district court erred by denying the petition because its findings of fact were not supported by substantial and competent evidence, and it misapplied Idaho Code section 15-7-308. The Thompsons argue that the Morrisons failed to articulate the proper standard of review and that the arguments raised in the petition to remove are moot.

1. *The applicable standard of review is abuse of discretion and the Morrisons have done enough to support their argument and allow their appeal to proceed.*

The Morrisons assert that the district court's denial of their petition to remove should be reversed due to clear error in the district court's factual findings. The Thompsons contend that the district court's decision on the petition should be reviewed under an abuse of discretion standard. They claim that the Morrisons' appeal on this issue is "fatally deficient" because they failed to cite or apply the abuse of discretion standard. While we agree that the district court's decision is reviewed for an abuse of discretion, we conclude that the Morrisons sufficiently supported their challenge on appeal.

After the parties submitted their briefing on this issue, we issued our opinion in *Edwards v. Lane*, holding that a decision on a petition to remove a trustee is reviewed for an abuse of discretion. ___ Idaho ___, ___, 578 P.3d 525, 529 (2025). When reviewing a district court decision for an abuse of discretion, this Court considers whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). "[T]his Court does not impose a 'formalistic requirement that the standard of review be recited and the party claiming error attack a particular prong of that standard of review.' " *Midtown Ventures, LLC v. Capone*, 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023) (quoting *State v. Diaz*, 170 Idaho 79, 92, 507 P.3d 1109, 1122 (2022)).

While the Morrisons did not recite the abuse of discretion standard in connection with their arguments that the district court erred in denying their motion to remove the trustees, they argued that the district court's factual findings were clearly erroneous and therefore it did not correctly apply the legal standards applicable to their motion. We have stated that a district court abuses its discretion when its findings of fact are clearly erroneous. *See Hayes v. Medioli* (*In Re Doe*), 168 Idaho 511, 515–16, 484 P.3d 195, 199–200 (2021). Because making clearly erroneous findings of

fact and acting inconsistently with the appropriate legal standards would each establish an abuse of discretion, we hold that the Morrisons have done enough to preserve their argument on this issue.

> 2. *The issues raised in the petition to remove are not moot.*

The Thompsons maintain that the arguments in the petition to remove are moot because the district court denied the same arguments in its decision granting the Thompsons' motion for summary judgment on the Second Amended Complaint. The Thompsons further argue that, even if Christina were removed as trustee, Carolyn Hastings would remain a trustee of the FMT, and Carl Thompson, Christina's son, would be the successor trustee of the PMT. As a result, the Morrisons' requested replacement trustee would not be appointed and the granting of the petition to remove would not change the outcome of the case.

"A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Smith v. Smith*, 160 Idaho 778, 784, 379 P.3d 1048, 1054 (2016) (quoting *Farrell v. Whiteman*, 146 Idaho 604, 610, 200 P.3d 1153, 1159 (2009)). The mere fact that there is overlap between the Morrisons' arguments to remove the trustees and the allegations made in their Second Amended Complaint does not moot the arguments they raised in their petition to remove. The remedy sought in the two pleadings is distinct and the Morrisons had a legally cognizable interest in replacing the trustees. Further, we disagree with the Thompsons' assertion that, if the motion had been granted, Carolyn and Carl would have been the successor trustees to Christina.

It is true that the Morrisons' petition to remove relied on similar allegations to those made in their Second Amended Complaint. Their petition claimed the trustees should be removed for breach of trust and breach of fiduciary duty, failure to provide accurate accountings, self-dealing and unjust enrichment, conspiracy to increase their shares in the trust, and fraud. The Morrisons' Second Amended Complaint raised issues including breach of trust and fiduciary duty, accountings, unjust enrichment, conspiracy, and fraudulent transfer. However, seeking removal of the trustees for misconduct is a different and distinct remedy than seeking to deny the petitions for distribution and force the sale of the Farnlun property. If the district court had removed Christina and Carolyn as trustees, a successor trustee may have taken different actions to resolve the claims, including not seeking to distribute the assets in kind, not seeking to invoke the no-contest clause

8

of the PMT, or conducting a new valuation of the Farnlun property. As such, the Morrisons possessed a legally cognizable interest in the outcome of the petition to remove.

We also disagree with the Thompsons' suggestion that, if Christina were removed, Carolyn and Carl would succeed her. This argument ignores the fact that the Morrisons also sought to remove Carolyn as co-trustee of the FMT. If their petition was successful, Carolyn would not succeed Christina because Carolyn would also be removed.

The Thompsons' argument regarding Carl requires us to interpret the relevant provision of the PMT. The PMT provides that, "[i]n the event the Trustee shall for any reason resign or cease *to act*, CHRISTINA K. THOMPSON shall be successor Trustee of any Trust established herein. In the event CHRISTINA K. THOMPSON for any reason fails to act, CARL W. THOMPSON shall be alternate successor Trustee." (Capitalization in original; emphasis added.) While the Thompsons have interpreted this to mean that Carl would automatically succeed Christina if she were removed, the Morrisons disagree. They argue that the provision only means that Carl will succeed Christina if she declines to act as trustee.

We agree with the Morrisons on this point. When interpreting a trust, our objective is to discover the grantor's intent by viewing the document as a whole. *See Salfeety v. Seideman* (*In re Est. of Kirk*), 127 Idaho 817, 827, 907 P.2d 794, 804 (1995). The PMT provides that Christina will become the successor trustee when Petra "*resign*[*s*] or *cease*[*s*] to act." (Emphasis added.) On the other hand, Carl only becomes the successor trustee if Christina "*fails* to act." (Emphasis added.) The use of "fail" rather than "cease," indicates that different circumstances govern whether Christina and Carl will be designated as trustees. To "cease" means to stop something that one is already doing. *See Cease*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/cease (last visited Jun. 26, 2026) ("[T]o come to an end[.]"). On the other hand, "fail" means to not act at all. *See Fail*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/fail (last visited Jun. 26, 2026) ("[T]o leave undone[.]").

Given the different words used in the PMT concerning Christina and Carl, the plain language of the PMT provides that Carl would become the successor trustee only if Christina never acted as trustee. Because Christina did act as trustee, Carl would not assume the role of trustee if Christina was removed. As a consequence, the Morrisons have a live interest in removing Christina so they can propose a new trustee. For these reasons, their arguments related to the district court's denial of the petition to remove are not moot.

9

3. *The district court did not err by denying the Morrisons' petition to remove the trustees.*

The Morrisons' petition alleged five grounds for removal: (1) breach of trust and breach of fiduciary duty; (2) failure to provide accurate accountings; (3) self-dealing and unjust enrichment; (4) conspiracy to increase trust shares to the detriment of the beneficiaries; and (5) fraud and fraudulent transfer. The district court addressed these five grounds for removal and denied the petition to remove. The Morrisons argue that the district court erred because its factual findings were not supported by substantial and competent evidence and it misapplied the relevant law.

The removal of a trustee is addressed by Idaho Code section 15-7-308, which identifies six grounds for removing a trustee:

(a) If the trustee has committed a material breach of trust;

(b) If the trustee is unfit or unable to administer the trust;

(c) If lack of cooperation among cotrustees substantially impairs the administration of the trust;

(d) If the investment decisions of the trustee, although not constituting a breach of trust, have resulted in investment performance persistently and substantially below those of comparable trusts;

(e) If, because of changed circumstances, removal of the trustee would substantially further the trustor's purpose in creating the trust; or

(f) For other good cause shown.

I.C. § 15-7-308(2)(a) to (f). The Morrisons claim the district court erred in not removing the trustees because their petition established that the trustees had committed a material breach of the trust, and that other good cause existed to remove the trustees. *See* I.C. § 15-7-308(2)(a), (f).

When reviewing a district court's factual findings, this Court does not reweigh the evidence or analyze whether it would have reached a different conclusion. *Barr v. Citicorp Credit Serv., Inc. USA*, 161 Idaho 136, 137, 384 P.3d 383, 384 (2016). Rather, it reviews the decision to ensure it is supported by substantial and competent evidence. *Id.* The record demonstrates that the district court addressed each ground raised by the Morrisons, that its findings were supported by substantial and competent evidence, and that it properly exercised its discretion in denying their motion.

The Morrisons' argument that the trustees breached the trust agreement was premised on Christina's failure to provide notice prior to transferring the property, emails between the Thompson family about purchasing the Farnlun property, Petra conveying a portion of the Farnlun

10

property to Christina, and disputes over Christina's claims for reimbursement of loans made to Petra and for Christina's time spent providing care to Petra.

The district court addressed each of these allegations and found that the trustees were not required to give the beneficiaries notice when they transferred the property and that the email conversations took place while Petra was still alive and thus before Christina became trustee of the PMT. It additionally found that the emails exhibited a clear concern for following the law. It also found that Petra's conveyance of a portion of the property to Christina was solely attributable to Petra, and that disputes over the loan and caregiving fees were factual matters related to the beneficiaries' respective interests in the trusts rather than a breach of the trust agreement. The district court's findings are supported by substantial and competent evidence in the form of the emails between the Thompsons, the deed conveying a portion of the Farnlun property to Christina, and the trust documents.

Finally, the Morrisons' petition to remove alleged that good cause existed to remove the trustees because the trustees failed to perform accurate accountings, engaged in self-dealing and unjust enrichment by transferring the Farnlun property to Christina and her husband, conspired to increase their shares in the trust, and committed fraud. The district court found that the Morrisons were provided with multiple accountings. That finding is supported by declarations from the parties' attorneys describing the accountings the Morrisons had been provided. The district court also found that Christina's conveyance of the Farnlun property to herself and her husband had been rectified. This is supported by a deed conveying the property back to the trusts. Finally, the district court found that, based on its summary judgment decision dismissing the Morrisons' conspiracy and fraud claims, the Morrisons had not established that the trustees had conspired or committed fraud.

The Morrisons claim that the district court's decision was erroneous because it failed to address each factual allegation made in support of their petition to remove. They argue that, when all their factual allegations are taken together, they establish that Christina materially breached the terms of the trust. To the extent the Morrisons ask this Court to reweigh the evidence before the district court, we decline to do so. *See Neustadt v. Colafranceschi*, 167 Idaho 214, 227, 469 P.3d 1, 14 (2020) (holding that appellate courts do not reweigh evidence). However, it appears their argument is more that the district court failed to address each and every factual allegation argued

11

in support of their petition to remove. They argue that "[t]hese omissions alone render the court's findings clearly erroneous."

The district court was under no obligation "to recite every piece of evidence and either adopt it or reject it . . . ." *Browning v. Ringel*, 134 Idaho 6, 14, 995 P.2d 351, 359 (2000) (quoting 9 *Moore's Federal Practice* § 52.15[2][b] (3d ed. 1997)).

> The fact that counsel for a party sincerely contended for a position does not mean that findings must be made on that position. A decision between the positions of two litigants necessarily rejects contentions made by one or the other. The trial court's failure to discuss each party's contentions does not make the findings inadequate or suggest that the court failed to understand the propositions.

*Id.* (9 *Moore's Federal Practice*, *supra*, at § 52.15[2][b]). Each of the district court's findings was supported by substantial and competent evidence. The district court's failure to address each and every factual contention raised by the Morrisons or to expressly weigh each piece of the Morrisons' evidence against the Thompsons' evidence did not eliminate the substantial and competent evidence that supported its factual findings.

Moreover, the decision whether to grant a petition to remove a trustee is a discretionary one. I.C. § 15-7-308(1) ("A trustee *may* be removed . . . ." (emphasis added)). The district court's findings supported its discretionary decision to deny the Morrisons' motion to remove the trustees. While the Morrisons essentially argue the district court should have spent more time in its written decision grappling with the factual contentions that formed the basis for their motion, the fact that it did not address each and every factual contention they raised does not, standing alone, establish an abuse of discretion.

The Morrisons also argue that the district court applied the incorrect legal standard. They argue that the district court failed to analyze their conspiracy and fraud/fraudulent transfer allegations under section 15-7-308(2)(a) to (f). However, the district court had already concluded in its summary judgment decision that the Morrisons failed to establish a genuine issue of material fact to support their conspiracy and fraud claims. The Morrisons did not submit any additional evidence in support of their petition to remove. In the absence of any additional evidence, the district court did not err when it relied on its prior summary judgment decision to conclude that the Morrisons had failed to establish that the trustees engaged in a conspiracy or committed fraud.

In sum, for the reasons discussed above, the district court did not err by denying the Morrisons' petition to remove the trustees.

12

**B. The district court did not err by dismissing the Morrisons' partition claim because they lacked standing to seek partition of the Farnlun property.**

The Second Amended Complaint sought a partition by sale of the Farnlun property. The Thompsons moved for summary judgment on the claim, arguing that the Morrisons did not have standing to seek partition. The district court granted the Thompsons' motion after determining that, because the Morrisons were not cotenants, joint tenants, or tenants in common, they could not seek partition under Idaho law.

On appeal, the Morrisons argue that, as trust beneficiaries, they have an equitable property interest in the Farnlun property, which permits them to seek partition under Idaho Code sections 6-502 and 15-3-911. We disagree and hold that neither statute granted the Morrisons authority to seek partition of the property.

"Issues of statutory interpretation are questions of law which this Court reviews de novo." *Genho v. Riverdale Hot Springs, LLC*, 174 Idaho 894, 901, 560 P.3d 1041, 1048 (2024) (citing *Idaho Dep't of Health & Welfare v. Doe (2022-32)* (*In re Doe*), 171 Idaho 677, 680, 525 P.3d 715, 718 (2023)). "Statutory interpretation begins with the literal language of the statute." *Hess v. Hess*, 174 Idaho 524, 535–36, 558 P.3d 254, 265–66 (2024) (quoting *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020)). "If the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction." *Farmers Nat'l Bank v. Green River Dairy, LLC*, 155 Idaho 853, 856, 318 P.3d 622, 625 (2014) (citation modified) (quoting *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009)).

We begin with Idaho Code section 6-501, which discusses when a partition action "may be had":

> *When several cotenants hold and are in possession of real property as parceners, joint tenants or tenants in common*, in which one (1) or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one (1) or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners.

I.C. § 6-501 (emphasis added). The Morrisons neither held nor had possession of the Farnlun property when they filed their partition action. As beneficiaries of the trusts, the Morrisons certainly possessed an interest *in the trust assets*. *Est. of Cornell v. Johnson*, 159 Idaho 778, 782–

13

83, 367 P.3d 173, 177–78 (2016). However, because those assets had not yet been distributed, they did not have a possessory interest *in the Farnlun property*.

Our opinion in *McKay v. Walker* explained that a possessory interest in real property is "[t]he present right to control property, including the right to exclude others, by a person who is not necessarily the owner." 160 Idaho 148, 152, 369 P.3d 926, 930 (2016) (alteration in original) (quoting *Possessory interest*, *Black's Law Dictionary* (9th ed. 2009)). "[A] possessory interest in land exists where a person has: '(a) a physical relation to the land of a kind which gives a certain degree of physical control over the land, and an intent so to exercise such control as to exclude other members of society in general from any present occupation of the land . . . .' " *Id.* (last alteration in original) (quoting Restatement (First) of Property § 7 (1936)). *McKay* establishes that parties have a possessory interest in real property when they have a *present* right to control the property. *See id.* The Morrisons failed to establish that they possessed this present right.

The extent of the Morrisons' rights to the Farnlun property are defined by the trust documents. Neither trust provides the Morrisons with a present right to control the Farnlun property. Under the FMT, Wayne is entitled to 25% of the trust, to be retained in trust for his benefit. As such, Wayne had no possessory interest in the assets of the FMT. Instead, the trustee was directed to hold Wayne's share of the assets for Wayne's benefit. For Wayne's children, the FMT grants the trustee absolute discretion on how to distribute the property. They would not have a present possessory interest until the trustee distributed the property in kind. Because the trust property had not been distributed in kind, they did not have a present possessory interest in the Farnlun property at the time they filed the partition action.

Under the PMT, Wayne had an interest in half of the remaining assets of the PMT, but it was not a present possessory interest. The PMT granted the trustee sole authority "to partition, allot, and distribute the Trust Estate in undivided interests or in kind, or partly in money and partly in kind at valuations determined by the Trustee and to sell such property as the Trustee may deem necessary to make division or distribution." Wayne would only obtain a present possessory interest after the trustee distributes the property to him in kind. Because the PMT had not been distributed in kind, he did not hold a present possessory interest in the Farnlun property when the partition claim was filed.

Nor did Idaho Code section 15-3-911 permit the Morrisons to seek partition. That section provides:

14

When two (2) or more heirs or devisees are entitled to distribution of undivided interests in any real or personal property of the estate, the *personal representative or one (1) or more of the heirs or devisees* may petition the court prior to the formal or informal closing of the estate, to make partition.

I.C. § 15-3-911 (emphasis added). "Legislative definitions of terms included within a statute control and dictate the meaning of those terms as used in the statute." *Mayer v. TPC Holdings, Inc.*, 160 Idaho 223, 226, 370 P.3d 738, 741 (2016) (quoting *State v. Yzaguirre*, 144 Idaho 471, 477, 163 P.3d 1183, 1189 (2007)). The Morrisons do not meet the definitions of personal representatives, heirs, or devisees in Title 15 of the Idaho Code.

The term " 'personal representative' includes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status." I.C. § 15-1-201(35). The Morrisons are not executors or administrators of the trusts and therefore do not fall within the definition of "personal representative."

An heir includes "those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." I.C. § 15-1-201(22). The Farnlun property is being distributed via trust, not through intestate succession. Thus, the Morrisons do not fall within the definition of "heirs."

A "devisee" is "any person designated in a will to receive a devise. In the case of a devise to an existing trust or trustee, or to a trustee or trust described by will, the trust or trustee is the devisee and the beneficiaries are not devisees." I.C. § 15-1-201(12). In the case of a trust, "beneficiaries are not devisees." *Id.* As such, the Morrisons do not fall within the definition of a "devisee."

For these reasons, neither section 6-501 nor section 15-3-911 permitted the Morrisons to bring a partition claim concerning the Farnlun property. The district court did not err when it granted summary judgment on the basis of standing and dismissed their partition claim.

**C. The district court did not err by enforcing the no-contest clause to disinherit Wayne from the PMT and distributing the entirety of the PMT to Christina.**

As previously mentioned, the PMT contains a "no-contest clause," which revokes a distribution made to a beneficiary if that beneficiary opposes distributions or challenges the validity of the trust agreement:

> All distributions under this Trust Agreement are given upon the express condition that the beneficiary shall neither oppose any distributions under this Trust

15

> Agreement nor test the validity of this Trust Agreement in any manner whatsoever nor institute, aid or abet any proceeding of any kind with a view to invalidate this Trust Agreement, and if any person shall so oppose, test, institute, aid or abet, the Grantor respectfully revokes all distributions to such person and directs that this Trust Agreement shall be interpreted as if such person had predeceased the Grantor.

In response to the Morrisons' Second Amended Complaint, the trustee filed a counterclaim seeking to revoke Wayne's distribution under the PMT because he opposed the proposed distribution of the PMT. The trustee moved for summary judgment on its counterclaim. The Morrisons filed a cross-motion for summary judgment, seeking to have the no-contest clause declared unenforceable.

The district court denied the Morrisons' motion for summary judgment and granted the trustee's motion. The district court concluded that the Morrisons had continuously opposed the trustees' petition to distribute the assets of each trust in kind, which violated the PMT's no-contest clause and justified the revocation of Wayne's interest in the PMT.

The Morrisons argue that the district court erred by concluding Wayne violated the no-contest clause. Much of their argument focuses on how Wayne did not violate the no-contest clause by seeking partition. However, the partition claim was not the basis of the district court's decision and therefore their arguments on that point are unpersuasive.

The Thompsons argue that because the Morrisons failed to address the actual basis for the district court's decision, they waived the right to address it on appeal. The Thompsons' argument fails to consider the entirety of the Morrisons' arguments. While much of the Morrisons' briefing on this issue concerns the partition claim, they also argue that they did not test the validity of the PMT and that Wayne had probable cause for his opposition to the trustee's proposed in-kind distribution of the PMT. This is sufficient argument and authority to challenge the district court's application of the no-contest clause to revoke Wayne's interest in the PMT.

"[N]o-contest provisions in trust instruments are enforceable in Idaho." *Ferguson v. Ferguson*, 167 Idaho 495, 505, 473 P.3d 363, 373 (2020). However, a no-contest provision will not be enforced if there is probable cause for the otherwise impermissible challenge. *Id.* at 507, 473 P.3d at 375 (citing Restatement (Third) of Property (Wills & Don. Trans.) § 8.5 cmt. c (2003)). "Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful." *Id.* at 505, 473 P.3d at 373 (quoting Restatement (Third) of Property (Wills & Don. Trans.), *supra*, § 8.5 cmt. c).

The record demonstrates that, from the outset of these actions, the Morrisons have consistently opposed and challenged the trustee's petition to distribute the assets of the PMT in-kind. For example, upon the first amended petition to distribute the PMT, Wayne objected to an in-kind distribution and sought leave to amend the complaint to add a partition and sale claim to sell the property "at its true fair market value" and divide the shares according to the terms of the trusts. He claimed "[e]quity requires no less, and we can ask for no more." The subsequently filed Second Amended Complaint sought partition by sale of the Farnlun property because "partition of the Farnlun Property to eight parties is impractical, and highly inconvenient," and "partition of the Farnlun property, or any part of it, cannot be made without great prejudice to its Plaintiff owners." There is no question that these actions challenged the validity of the PMT and opposed the trustee's proposed distribution of the trust assets. Wayne's actions clearly invoked the no-contest clause.

Wayne asserts that the no-contest clause is unenforceable in this instance because he had probable cause for his objections to the trustee's proposed distribution. The Thompsons respond that Wayne could not have had probable cause to challenge the in-kind distribution because the trustee had absolute discretion to decide whether to distribute the trust assets in cash or in-kind. We hold that Wayne's challenges were not supported by probable cause.

The PMT explicitly grants the trustee sole discretion to determine how the trust assets should be distributed. The district court dismissed the claims alleging breach of trust and fiduciary duty, unjust enrichment, conspiracy, fraudulent transfer, and conversion after concluding that the Morrisons failed to establish the existence of a genuine dispute as to any material fact and that the Thompsons were entitled to judgment as a matter of law. The Morrisons have not directly appealed those decisions. While they appealed the dismissal of their partition claim, we have affirmed the district court's decision dismissing that claim because they lacked standing to bring it. As a result, the Morrisons have failed to demonstrate that probable cause supported Wayne's challenges.

For the reasons discussed, we hold that the district court did not err by enforcing the no-contest clause to disinherit Wayne. As a result of this holding, the Morrisons' other argument on appeal concerning Christina's claims against the PMT for caretaking fees and loans made during Petra's lifetime is moot. The only beneficiaries of the PMT were Wayne and Christina. Because the district court did not err in its application of the no-contest clause, Wayne is not entitled to any portion of the PMT. Christina was the only other beneficiary of the PMT and therefore the district

17

court did not err in distributing the entirety of the PMT trust assets to her. We affirm the district court's decision granting the petition to distribute the PMT.

**D. The district court did not err by granting the petition to distribute the FMT.**

The trustees petitioned the district court for distribution of the FMT in kind. In the petition for distribution, they valued the Farnlun property at $3.5 million. This valuation was consistent with the allegations contained in the Morrisons' Second Amended Complaint, in which they claimed that the appraised value of the Farnlun property in November 2021 was between $3.5 and $3.9 million. The trustees later moved for summary judgment on their petition for distribution. The district court granted the motion for summary judgment after concluding that "there are no longer any matters of material fact in dispute," and valued the property at $3.5 million.

The Morrisons argue that the district court erred because the parties did not agree that the Farnlun property had a fair market value of $3.5 million. They claim that they have consistently disputed the $3.5 million valuation, and the district court failed to construe the record in the light most favorable to the Morrisons, as the non-moving party. We conclude that the Morrisons failed to submit any admissible evidence in opposition to the Morrisons' summary judgment motion and therefore they failed to establish a genuine dispute of material fact concerning the $3.5 million valuation. For this reason, we hold the district court did not err by granting summary judgment.

Summary judgment is only appropriate where there is no genuine dispute of any material fact, and the moving party is entitled to judgment as a matter of law. *Kelso v. Applington*, 173 Idaho 738, 742, 548 P.3d 363, 367 (2024). "A material fact is one upon which the outcome of the case may be different." *Id.* at 742–43, 548 P.3d at 367–68 (quoting *Johnson v. N. Idaho Coll.*, 153 Idaho 58, 67, 278 P.3d 928, 937 (2012)). Any material fact that is disputed should be liberally construed to favor the nonmoving party. *Id.* at 743, 548 P.3d at 368.

It is the moving party's burden to prove that there are no genuine issues of material fact. *Id.* at 742, 548 P.3d at 367. If the moving party meets its burden to establish there are no issues of material fact, the burden shifts to the non-moving party to establish a genuine dispute of material fact "with evidence by affidavit or otherwise that contradicts the evidence submitted by the moving party, and that establishes the existence of a material issue of disputed fact." *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 325, 429 P.3d 855, 866 (2018). "Affidavits supporting or opposing the motion for summary judgment shall set forth such facts as would be admissible in evidence." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007).

The Thompsons cited admissible evidence to support their assertion that the Farnlun property was valued at $3.5 million. They pointed to the Morrisons' unverified Second Amended Complaint filed on June 10, 2023, which asserted that "[t]he appraised value on the date of November 8, 2021, according to the certified and licensed appraiser was between $3.5 and $3.9 million." They also submitted Wayne's sworn deposition testimony, wherein he testified that the appraiser indicated the most probable value of the Farnlun property was $3.5 million. The Thompsons' evidence was sufficient to establish the absence of a genuine dispute of material fact concerning the property's valuation. The burden then shifted to the Morrisons to establish a genuine dispute concerning the property's value. They failed to do so.

The Morrisons claim that they met their burden because they "notified" the district court of an updated expert valuation that the Farnlun property should be valued at $5 million. This "notification" was a declaration of counsel that the Morrisons filed in support of an entirely different pleading—their petition to remove the trustees. In that declaration, the Morrisons' counsel claimed that they "hired an expert who has valued the ranch at $5million [sic] because of the increase in value of the Blaine County real estate market since 2021." The Morrisons did not submit a declaration from the appraiser or an updated appraisal report in support of the petition to remove.

The Morrisons did not mention this declaration in their opposition to the Thompsons' summary judgment motion. Nor did the Morrisons submit a declaration from their appraiser or an updated appraisal report in opposition to the Thompsons' motion. Instead, their summary judgment opposition asserted "it is believed the expert will provide evidence that the value of the ranch exceeds $3,500,000." The sole support for this assertion was a citation to their renewed motion for inspection.

That "motion" consisted of two pages of argument and statements of fact and was signed by the Morrisons' counsel. It appears to be a hybrid motion/declaration because it both prays for relief from the court and declares that the statements of counsel are true and correct under penalty of perjury. The motion includes statements that the Morrisons retained an expert, who "informed counsel for the [Morrisons] that the market value of the Farnlun Ranch, based upon market activity since the most recent appraisal, is at least in excess of $4,100,000."

The motion for renewed inspection did not constitute admissible evidence. Counsel's statements concerning what the appraiser told him are inadmissible hearsay. *See* I.R.E. 802. While

the Morrisons asserted the value of the Farnlun property increased between the November 2021 appraisal report and the filing of the Thompsons' summary judgment motion in 2024, summary judgment motions are decided based on admissible evidence, not bare assertions. The Morrisons were required to put forth admissible evidence to rebut the evidence offered by the Thompsons. *See* I.R.C.P. 56(c). They failed to do so. Having failed to submit admissible evidence disputing the value of the property, the Morrisons failed to carry their burden to establish a genuine dispute of material fact on that issue.

The Morrisons also claim they were deprived of an opportunity to provide evidence rebutting the $3.5 million valuation because the district court denied their renewed motion to inspect the property. The district court denied that motion for two reasons, "because both parties agreed on the value and because [the Morrisons] did not follow the proper procedure under [Idaho Rule of Civil Procedure] 34(b)(2)(A) . . . ." The Morrisons have only challenged the district court's assertion that the parties agreed on the value. They did not challenge the district court's conclusion that they failed to follow the requirements in Rule 34(b)(2)(A). Because the Morrisons fail to challenge one of the bases for the district court's decision denying their motion, we affirm the district court's decision denying their renewed motion for inspection. *See Ballard v. Kerr*, 160 Idaho 674, 699, 378 P.3d 464, 489 (2016) ("Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." (quoting *Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015))).

Alternatively, the Morrisons argue that the district court erred under Idaho Code section 15-3-906 by not using a valuation provided within thirty days of distribution. The Thompsons argue that the Morrisons have not preserved this argument for appeal and that Idaho Code section 15-3-906 applies to distribution under wills, not trusts.

We conclude that the Morrisons' argument was preserved for appeal. This Court will not consider issues raised for the first time on appeal. *Siercke v. Siercke*, 167 Idaho 709, 715, 476 P.3d 376, 382 (2020). "A party may refine issues that they have raised below with additional legal arguments so long as the substantive issue and the party's position on that issue remain the same." *Id.* at 715–16, 476 P.3d at 383–82. Here, the issue (whether the valuation of the Farnlun property is correct) and the Morrisons' position on the issue (that the valuation is too low because it is outdated) were both raised below. That is sufficient to preserve the issue for appeal.

20

However, we hold that the plain language of Idaho Code section 15-3-906 does not apply to the distribution of trust assets. Chapter 3 of Title 15 of the Idaho Code is titled, "Probate of Wills and Administration." Idaho Code section 15-3-906(a) provides that, "unless a contrary intention is indicated by the will, the distributable assets of a decedent's estate shall be distributed in kind to the extent possible through application of the following provisions[.]" I.C. § 15-3-906(a). One such provision is Idaho Code section 15-3-906(a)(3), which provides that assets that do not have "readily ascertainable values" should be valued as of a date no more than thirty days before the distribution. I.C. § 15-3-906(a)(3).

These provisions expressly concern the in-kind distribution of assets under wills. The Morrisons acknowledge this but argue that the same principle should apply to trusts because they are a substitute for a will. We decline the Morrisons' invitation to read additional language into the statute that would extend it beyond the distribution of assets under wills. *Elgee v. Ret. Bd. of Pub. Emp. Ret. Sys. of Idaho*, 169 Idaho 34, 42, 490 P.3d 1142, 1150 (2021) ("We will not read into a statute terms that are not there.").

**E. The district court did not err in awarding attorney fees to the Thompsons or in assessing the award against the Morrisons' share in the FMT.**

The Thompsons filed a motion for an award of attorney fees under Idaho Code sections 15-8-208 and 12-121. Section 12-121 provides that reasonable attorney fees may be awarded to a prevailing party if the judge finds that "the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. Section 15-8-208 allows a court to order costs, including reasonable attorney fees, "[f]rom any nonprobate asset that is the subject of the proceedings." I.C. § 15-8-208(1)(c). The Thompsons argued they were entitled to fees under Idaho Code section 12-121 because the claims were brought and defended frivolously and without foundation since the Morrisons lacked evidence supporting their claims and ignored the plain language of the trust instruments. The Thompsons also requested the court exercise its equitable power under section 15-8-208 to award fees against the Morrisons' shares of the FMT.

The district court granted the Thompsons' motion and concluded that an award of fees was justified under Idaho Code section 12-121. It found that the case initially had a reasonable basis because Wayne had not been provided an accounting and because of Christina's unapproved transfer of the Farnlun property to herself and her husband. However, after the Morrisons were provided with accountings and the Thompsons transferred the property back to the trusts, the district court found the pursuit of the case became unreasonable. The district court awarded

$100,869.67 in attorney fees against the Morrisons and stated the award would be assessed against their shares of the FMT.

The Morrisons argue that the district court abused its discretion because there were legitimate factual disputes throughout the proceedings. They also argue that most of the issues concerned the PMT and therefore it was an abuse of discretion to assess the fee award against their shares of the FMT. The Thompsons argue that the assessment of the award against the FMT was reasonable because the litigation was consolidated and the disputes concerned property in both trusts.

The district court did not abuse its discretion by awarding fees under Idaho Code section 12-121. As discussed above, the Morrisons repeatedly challenged the trustees' decision to distribute in kind, despite the trusts giving the trustee sole discretion over the manner in which the trust assets were distributed. Further, many of the counts in the Morrisons' complaint lacked factual and legal support. For example, at the summary judgment hearing, the Morrisons advised the district court that they were not contesting summary judgment on two claims made against Christina in her trustee capacity or seven claims made against the Thompsons in their individual capacities because the claims lacked legal and factual support.

Moreover, while the district court concluded that "the case was initially pursued appropriately," it did not award fees for that initial timeframe. The Thompsons did not seek recovery of fees for the early stages of the case, including time spent on the issues relating to the bank loan or the reconveyance of the Farnlun property to the trusts. For these reasons, the district court did not err in awarding the Thompsons their reasonable fees under section 12-121.

Nor did the district court abuse its discretion in assessing the fee award against the Morrisons' shares in the FMT. Idaho Code section 15-8-208 allows fees to be awarded "[f]rom any nonprobate asset that is the subject of the proceedings. The court may order the costs to be paid in such amount and in such manner *as the court determines to be equitable*." I.C. § 15-8-208(1)(c) (emphasis added). The statute specifies that costs include reasonable attorney fees. I.C. § 15-8-208(1).

The litigation concerned both the PMT and the FMT. After the district court enforced the no-contest provision of the PMT, Wayne had no interest in the PMT. His children never had an interest in the PMT. As such, an award of fees against the PMT would have been paid by Christina. Requiring Christina to pay the very fee award that she obtained because the Morrisons frivolously

22

pursued their claims would be inequitable. The FMT is a non-probate asset that was the subject of the proceedings below and it was therefore within the district court's discretion to assess the attorney fee award against it. We affirm the district court's decision awarding attorney fees to the Thompsons and assessing the award against the Morrisons' shares in the FMT.

## F.  Attorney Fees on Appeal

The Thompsons request attorney fees on appeal under Idaho Code section 12-121. We hold that the Thompsons are entitled to an award of attorney fees. The Morrisons' arguments second guess the district court's findings of fact on the petition to remove, ignore the plain language of the partition statute, fail to meaningfully grapple with the no-contest clause in the PMT, and ask us to apply statutes applicable to wills, despite this case involving the distribution of trusts. Moreover, their arguments ignored the plain language of the FMT and the PMT, which gave the trustee sole discretion to determine how to distribute the trust assets. For these reasons, we conclude their appeal is frivolous, unreasonable, or without foundation. We also award the Thompsons their costs on appeal as a matter of right under Idaho Appellate Rule 40. Pursuant to Idaho Code section 15-8-208(1)(c), we further order that the attorney fee and cost award related to this appeal will be assessed against the Morrisons' shares of the FMT.

## V.  CONCLUSION

For the foregoing reasons, the decisions of the district court are affirmed.

Chief Justice BEVAN, Justices MOELLER and MEYER, and Pro Tem Justice McDEVITT CONCUR.